# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY E. BURKE and LISA SONGER-BURKE, | ) ) ) | Case No. 14-cv-285 |
| Plaintiffs, | ) ) | Judge Robert M. Dow, Jr. |
| v. | ) ) | |
| JOHN MANEELY COMPANY, individually and d/b/a WHEATLAND TUBE COMPANY, and JOHN MANEELY COMPANY, individually and d/b/a JMC STEEL GROUP, | ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| v. | ) ) | |
| RANCO TRANSPORTATION, LLC, | ) ) | |
| Third-Party Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Jeffrey Burke ("Burke") and his wife Lisa Songer Burke ("Songer Burke") (collectively, "Plaintiffs") brought suit against Defendants John Maneely Company, individually and d/b/a Wheatland Tube Company and JMC Steel Group (collectively, "JMC") for damages arising out of Burke's fall from a height at JMC's steel tube plant in Chicago. JMC filed a third-party complaint against Burke's employer, Ranco Transportation, LLC ("Ranco"), alleging that Ranco owes it contribution (Count I), contractual indemnity (Count II), and damages for breach of contract (Count III). Before the Court is Ranco's motion [108] for partial summary judgment in its favor and against JMC on JMC's claim for breach of contract (Count III). For the reasons stated below, Ranco's motion [108] is granted. This case is set for further status hearing on January 26, 2017 at 9:00 a.m.

**I.  Background[1]**

JMC operates a steel tubing plant in Chicago.  Burke was an employee of Ranco during the time relevant here.  On December 9, 2013, Burke went to JMC's plant to pick up a load of tubes and/or pipes with his flatbed truck.  While attempting to manually cover his load with a tarp, Burke fell from his flatbed truck and was injured.  Burke and his wife brought suit against JMC in Cook County Circuit Court for premises liability based on JMC's negligence and/or willful and wanton acts and for loss of consortium.  See [1] at 4-17.  Plaintiffs allege that JMC's careless and negligent acts and omissions resulted in Burke slipping on oily pipes and/or tubes while attempting to place a tarp over his load, falling 13 feet, and incurring physical injuries.  *Id.* at 5-6.

JMC removed the lawsuit to this Court based on diversity jurisdiction.  See *id.* at 1-3.  JMC filed a third-part complaint [41] against Ranco alleging that Ranco owes it contribution (Count I), contractual indemnity (Count II), and damages for breach of contract (Count III).  On February 5, 2016, the Court granted summary judgment for Ranco and against JMC on the contractual indemnity claim (Count II).  See [105].

Ranco now seeks summary judgment against JMC on its claim for breach of contract (Count III).    In its breach of contract claim, JMC alleges that it is a third-party beneficiary of a contract between Mercer Transportation Co. ("Mercer") and Ranco to broker the load of pipe/tubing from which Burke fell (the "Contract," [41] at 33-34).  Ranco disputes that JMC is a third-party beneficiary to the Contract, but both parties acknowledge that the Contract contains the following provisions:

Specific Duties & Obligations of Carrier [Ranco]

---

[1] The Court takes the relevant facts primarily from the Plaintiffs' complaint [1], JMC's third-party complaint [41], and the parties' Local Rule ("L.R.") 56.1 statements ([111] and [114]).

> (3) Carrier shall have the duty to determine that each shipment is properly loaded, transported, and unloaded and agrees to indemnify, defend, and hold harmless Broker [Mercer], Shippers and Consignees, from and against all losses, damages, injuries and/or claims for same asserted by any and all persons, including the employees, agents, servants, passengers or guests of the carrier, in connection with the carriage of any and all goods and merchandise under this agreement.
>
> (4) Carrier agrees to maintain cargo insurance in the minimum amount of $100,000 and automobile and general liability insurance in the minimum amount of $1,000,000 to compensate those parties entitled to recover under the preceding paragraphs. If Carrier is a Corporation, Limited Liability Entity, or has Employees, then Carrier agrees to maintain Workers' Compensation Insurance. Carrier shall cause its insurance carrier(s) to forward forthwith to broker, standard certificate(s) of insurance and additional insured endorsement, naming broker as certificate holder and additional insured, Automotive Liability only. If Carrier is a one person Corporation or a Limited Liability Entity which has decided not to carry Workers' Compensation Insurance, the owner of such Carrier shall also enter into this agreement as an individual.

[41] at 33.

JMC alleges that these provisions required Ranco to "provid[e] insurance for . . . JMC, for any injuries or claims for the same asserted in connection with the carrier of goods under the [Contract]." [41] at 6. In the alternative, JMC alleges that these provisions "impl[y] an obligation to provide insurance for the intended contract beneficiary shipper, JMC, for any injuries or claims for the same asserted in connection with the carrier of goods under the [Contract]." *Id.* JMC alleges on information and belief that Ranco failed to procure insurance for JMC and/or name JMC as an insured on any policies it obtained for Mercer and therefore is in breach of the Contract. *Id.* at 6-7. JMC seeks "costs, expenses, attorney's fees and damages pursuant to and consistent with the insuring provisions" of Ranco's insurance policies. *Id.* at 7.

## II. Summary Judgment Standard

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion

3

by . . . citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court "must construe all facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Majors v. Gen. Elec. Co.*, 714 F.3d 527, 532-33 (7th Cir. 2013) (internal quotation marks and citation omitted).

To avoid summary judgment, the nonmoving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 250. Summary judgment is proper if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Ellis v. CCA of Tennessee LLC,* 650 F.3d 640, 646 (7th Cir. 2011) (quoting *Celotex,* 477 U.S. at 322). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In other words, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

The interpretation of a contract under Illinois law is "generally a question of law" that may be resolved at summary judgment. *United States ex rel. Garbe v. Kmart Corp.*, 824 F.3d 632, 645 (7th Cir. 2016).

III. **Analysis**

The parties agree that the Contract is governed by Illinois law. Under Illinois law, the Court's goal in construing the contract is "'to give effect to the intentions of the parties as expressed in the four corners of the instrument.'" *Salaita v. Kennedy*, 118 F. Supp. 3d 1068, 1077 (N.D. Ill. 2015) (quoting *Allen v. Cedar Real Estate Grp., LLP,* 236 F.3d 374, 381 (7th Cir. 2001)). If the contract is "clear and unambiguous, the court must determine the intent of the parties solely from the plain language of the contract.'" *Hanover Ins. Co. v. N. Bldg. Co.*, 751 F.3d 788, 792 (7th Cir. 2014) (quoting *C.A.M. Affiliates, Inc. v. First Am. Title Ins. Co.*, 306 715 N.E.2d 778, 782 (Ill. 1999)). "[R]ules of construction come into play only when a contract is ambiguous." *United States v. Rogers Cartage Co.*, 794 F.3d 854, 862 (7th Cir. 2015).

Ranco argues that it is entitled to summary judgment on JMC's claim for breach of contract because (1) JMC is not a party to the Contract; (2) the plain language of the Contract demonstrates that Ranco did not owe any contractual duties to JMC; and (3) JMC's reading of the Contract "contravenes Illinois law and common sense." [109] at 1. JMC responds that it is an intended third-party beneficiary of the Contract and that paragraph 4 of the Contract requires Ranco "to maintain general liability insurance and automobile insurance for 'those parties entitled to recover," *i.e.*, receive indemnification, from Ranco under paragraph 3 of the Contract. ]113] at 3.

The Court finds it unnecessary to determine whether JMC is an intended third-party beneficiary to the Contract, because the plain and unambiguous language of the Contract does

not require Ranco to purchase insurance for JMC or to name JMC as a beneficiary of any insurance that it might be obligated to purchase for Mercer.

Paragraph 3 of the Contract requires Ranco to "indemnify, defend, and hold harmless" Mercer and any shippers or consignees from certain losses, damages, and injuries. [41] at 33. Paragraph 4 requires Ranco to "maintain cargo insurance . . . and automobile and general liability insurance . . . *to compensate* th[e] parties" identified in paragraph 3. *Id.* (emphasis added). Paragraph 4 is obviously intended to ensure that Ranco has sufficient insurance coverage to meet its indemnity obligations should they arise under paragraph 3. But nothing in paragraph 4 requires Ranco to buy insurance *for* all of the parties identified in paragraph 3, or to name those parties as beneficiaries to its insurance contracts. JMC's reading of the Contract urges the Court to add language that simply is not there, which the Court cannot do. See *Sheehy v. Sheehy*, 702 N.E.2d 200, 204 (Ill. 1998) ("A court will neither add language or matters to a contract about which the instrument itself is silent, nor add words or terms to an agreement to change the plain meaning of the parties as expressed in the agreement.").

The parties' intention that Ranco would not be obligated to buy insurance covering all potential indemnitees is demonstrated by the language in paragraph 4 which requires Ranco to name the broker (here, Mercer)—and no other party—as a certificate holder and additional insured on its automotive liability insurance policy. *Id.* If the Contract intended to obligate Ranco to purchase insurance for any other parties, then it would have used the same language to make this intent clear. See *Floor v. Schaffhausen Corp.*, 199 N.E.2d 434, 436 (Ill. App. 1964) ("Absence of a provision from a contract is evidence of an intention to exclude such provisions[.]" (internal citation and quotation marks omitted)).

Therefore, the Court concludes that Ranco is entitled to summary judgment on JMC's claim for breach of contract.

## IV. Conclusion

For the reasons stated above, the Court grants Ranco's motion [108] for partial summary judgment. Judgment is entered in favor of Ranco and against JMC on Count III of JMC's third-party complaint [41]. Count I of the third-party complaint, for contribution, remains in the case. This case is set for further status hearing on January 26, 2017 at 9:00 a.m.

Dated: January 3, 2017

_____
Robert M. Dow, Jr.
United States District Judge